UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DAVID RENNIE,

                Plaintiff,              **23-cv-5226 (VSB) (JW)**

      -against-

GO NEW YORK TOURS INC.,

                Defendant.
-----------------------------------------------------------------X

DAVID RENNIE,

                Plaintiff,              **ORDER**

      -against-                             **23-cv-4013 (VSB) (JW)**

TOP VIEW / GO NEW YORK TOURS,

                Defendant.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On October 4, 2023, the Parties were heard in an initial case management conference. This Court notes that Plaintiff is not currently represented by counsel (in other words, Mr. Rennie is proceeding *pro se*).

## Brief Procedural Background

As stated in a prior order, there were numerous filings in both actions before referral to this Court. In Case No. 1:23-cv-4013-VSB-JW (the "IP Infringement Action"), Defendant filed a Motion to Dismiss the IP Infringement Action, including a request to consolidate the above captioned cases. Dkt. No. 16 ("Defendant's Motion

to Consolidate"). Subsequently, Defendant filed a Motion for conference requesting the Court to intervene with respect to Plaintiff's filings. Dkt. No. 22 ("Defendant's Motion for Conference"). On September 8, 2023, Plaintiff filed a Motion for sanctions citing that Defendant had not yet produced discovery and Defendant's Motion to Dismiss was frivolous. Dkt. No. 26 ("Plaintiff's Motion for Sanctions"). On September 12, 2023, Defendant filed another letter motion for conference requesting to stay discovery pending a decision on dispositive motions. Dkt. No. 29 ("Defendant's Request to Stay Discovery").

In Case No. 1:23-cv-5226-VSB-JW (the "Removed Action"), Plaintiff previously filed a motion for sanctions and a motion for a protective order that were denied by District Judge Vernon S. Broderick on August 30, 2023. Dkt. No. 24. In the Removed Action, there is a pending Motion to Remand, Dkt. No. 7 ("Plaintiff's Motion to Remand"), and a pending Cross-Motion for Sanctions. Dkt. No. 11 ("Defendant's Cross-Motion for Sanctions").

## DISCUSSION

For the reasons stated more fully on the record, Defendant's request to stay discovery pending the Court's rulings on its Motion to Dismiss and Plaintiff's Motion for Remand was **GRANTED**. There are no discovery obligations in this case unless and until the Court directs otherwise. No more than two-weeks (14-days) after District Judge Broderick issues a ruling with respect to the pending Motion to Dismiss and Motion to Remand, the Parties are directed to file a status update proposing next steps to this Court.

Next, during the conference, Plaintiff's Motion for Sanctions at Dkt. No. 26 in the IP Infringement Action (1:23-cv-4013-VSB-JW) was **DENIED**. The Court found that the record did not support sanctionable conduct pursuant to either Fed. R. Civ. P. 11(c) or Fed. R. Civ. P. 37 because the Defendant made good faith legal arguments and did not currently have any discovery obligations.

Further, Defendant's Cross-Motion for Sanctions at Dkt. No. 11 in the Removed Action (1:23-cv-5226-VSB-JW) was **DENIED**. The Court admonished Mr. Rennie for his prior use of *ad hominem* attacks and warned him that if future filings contained personal attacks, the Court would entertain sanctions up to and including dismissal of the action pursuant to the Court's authority under Fed. R. Civ. P. 37(b)(2). The Court explained to Mr. Rennie the procedures for filing responsive legal documents, and underscored that parties cannot simply make as many filings as they want without leave of the Court. Finally, the Court noted that during the pendency of the stay, the Court would not entertain any discovery motions and Defendant need not respond to any requests for discovery from Plaintiff.

**In accordance with this Order, the Clerk of the Court is respectfully requested to close the motion at Dkt. No. 11 in the Removed Action (1:23-cv-5226-VSB-JW). The Clerk of the Court is also respectfully requested to close the motions at Dkt. Nos. 22, 26, and 29 in the IP Infringement Action (1:23-cv-4013-VSB-JW).**

Finally, Defendant's request to consolidate the above captioned cases was **GRANTED**. Under Fed. R. Civ. P. 42(a)(2), the Court may consolidate actions that

involve common issues of law or fact. Additionally, consolidation is favored where there are common questions of law or fact to "avoid unnecessary costs or delay." [Johnson v. Celotex Corp.](), 899 F.2d 1281, 1284-85 (2d Cir. 1990). The Court found that the two actions had common issues of fact and consolidation would be beneficial for the conservation of judicial resources. It is hereby ORDERED that these cases be CONSOLIDATED for all purposes into the first-filed case, which is No. 1:23-cv-4013. The actions may proceed on the separate complaints, future filings shall bear both captions (as shown above), but shall only display the consolidated docket number: 1:23-cv-4013. The filings in docket No. 1:23-cv-5226 shall be transferred to the consolidated docket No. 1:23-cv-4013, including the live Motion for Remand at Dkt. No. 7 (which should remain open). Future filings shall be docketed only in No. 1:23-cv-4013. The docket in No. 1:23-cv-5226 will be marked closed.

**For the reasons set forth above, the Clerk of the Court is respectfully directed to CONSOLIDATE these actions and to mark No. 1:23-cv-5226 as CLOSED**. **The Clerk of the Court is further requested to mail a copy of this Order to *pro se* Plaintiff Mr. David Rennie at: 781 East 135th Street Bronx, NY 10454. Defendant is directed to order a copy of the transcript from the conference and provide a copy to the Court and Plaintiff.**

SO ORDERED.

DATED:   New York, New York
         October 5, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge